**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 95-20745
Summary Calendar
_____


JOHN D. BERTLING AND BEST SAND TRUCKING CO.,

Plaintiff-Appellants,

VERSUS

ATLANTIC RICHFIELD, ET AL.,

Defendants,


ATLANTIC RICHFIELD COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Southern District of Texas
(CA H 90-147)
_____

July 30, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

John Bertling and Best Sand Trucking Company appeal from the district court's order granting summary judgment to Atlantic Richfield Company (ARCO). We affirm.

Appellants sued ARCO seeking recovery for economic losses allegedly caused by ARCO's negligent disposal of toxic waste at the

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Sikes Superfund Site near Crosby, Texas. The undisputed summary judgment evidence demonstrated that various companies disposed of toxic waste at Sikes from 1960 through 1967. In 1979, Bertling began to operate his sand mining and trucking business near the old Sikes site. He built a road traversing the toxic dump and used it to conduct his company's business. In January of 1991, government authorities closed the road in order to begin environmental remediation. Appellants sued ARCO to recover for the economic injuries they suffered as a result of the closure.

The district court considered the summary judgment evidence in the light most favorable to Appellants. It nonetheless concluded that there existed no genuine issue of material fact as to foreseeability. ARCO documents demonstrated that the company had considered the health risk to persons in the area as well as the potential for clean-up liability. ARCO, however, did not foresee that a company might construct a road which authorities might then shut down in order to clean up the Sikes Site. Nor would any person of ordinary intelligence perceive this scenario as a risk of toxic dumping. See Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 478 (Tex. 1995); Union Pump Co. v. Albritton, 898 S.W.2d 773, 775-76 (Tex. 1995). The district court did not err when it concluded that Appellants claimed a harm too attenuated, as a matter of law, to ARCO's alleged dumping activities. We affirm for essentially the reasons set out by the district court.

AFFIRMED.

2